1    ALAN R. BRAYTON, ESQ., S.B. #73685
     DAVID R. DONADIO, ESQ., S.B. #154436
2    BRAYTON❖PURCELL LLP
     Attorneys at Law
3    222 Rush Landing Road
     Novato, California 94948-6169
4    (415) 898-1555
     (415) 898-1247 (Fax No.)

5

6    Attorneys for Plaintiffs

7

8           **THE UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10            **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| JENNIFER S. CAROLAN as Wrongful Death Heir, and as Successor-in-Interest to MICHAEL T. CAROLAN, Deceased; and GILLIAN CAROLAN, as Legal Heir of MICHAEL T. CAROLAN, Deceased, | No. C07-4352-EMC |
| | COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; |
| LORETTA PRETTYMAN as Wrongful Death Heir, and as Successor-in-Interest to LARRY PRETTYMAN, Deceased; and CATHERINE PRETTYMAN, DUSTIN PRETTYMAN, CHARLIENA PRETTYMAN, D.S. a Minor by and through his Guardian ad Litem Catherine Prettyman, J.S., a Minor by and through his Guardian ad Litem Catherine Prettyman, P.S., a Minor by and through his Guardian ad Litem Catherine Prettyman, as Legal Heirs of LARRY PRETTYMAN, Deceased, | DEMAND FOR JURY TRIAL |
|        Plaintiffs, | |
| vs. | |
| GENERAL ELECTRIC COMPANY, | |
|      Defendant. | |

**I.**

**PARTIES**

     1.      Plaintiffs in this action are the above captioned successor-in-interest to, or the

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

personal representative of the estate of decedents; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the decedents, and are all hereinafter referred to as "Plaintiffs".    In conformance with General Order 53 of this Court, the initials D.S., J.S., and P.S., are used because legal heirs D.S., J.S., P.S. are minors.

2.    The persons who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through their occupational exposure to asbestos, hereinafter "decedents" are, with their date of death: MICHAEL T. CAROLAN died September 2, 2006 and LARRY PRETTYMAN died April 2, 2007.

3.    JENNIFER S. CAROLAN is the spouse of decedent MICHAEL T.  CAROLAN, and  LORETTA PRETTYMAN is the spouse of decedent LARRY PRETTYMAN, and are hereinafter referred to as "surviving spouse".

4.    Each of these decedents sustained an asbestos-related lung disease and death by precisely the same mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at their jobsites.

5.    The pathogenesis of each plaintiffs' asbestos-related diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

6.    All of plaintiffs' claims arise out of a similar series of occurrences:  repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at decedents' worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the decedents, resulting in cumulative, progressive, incurable lung diseases.

7.    Each plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on each individual decedents' worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by decedents, caused serious lung disease. The allegations of plaintiffs regarding the nature of decedents' asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical.

8.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

9.    Jurisdiction:  Plaintiffs JENNIFER S. CAROLAN and GILLIAN CAROLAN are citizens of the State of California.  Plaintiffs LORETTA PRETTYMAN, CATHERINE PRETTYMAN, DUSTIN PRETTYMAN, CHARLIENA PRETTYMAN, and minors D.S., J.S. and P.S. are citizens of the State of West Virginia.

Defendant GENERAL ELECTRIC COMPANY is a  corporation incorporated under the laws of and having its principal places of business in Connecticut.

This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

10.    Venue / Intradistrict Assignment.    Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by plaintiffs herein occurred  within the County of San Francisco, California, and all of the defendants are subject to personal jurisdiction in this district at the time the action is commenced.

///
///
///
///
///

**III.**

**CAUSES OF ACTION**

<u>FIRST CAUSE OF ACTION</u>
(Negligence - Survival)

PLAINTIFF JENNIFER S. CAROLAN AS SUCCESSOR-IN-INTEREST TO THE

DECEDENT MICHAEL T. CAROLAN COMPLAINS OF DEFENDANTS GENERAL

ELECTRIC COMPANY; THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM;

PLAINTIFF LORETTA PRETTYMAN AS SUCCESSOR-IN-INTEREST TO THE

DECEDENT LARRY PRETTYMAN COMPLAINS OF DEFENDANTS GENERAL

ELECTRIC COMPANY; THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; EACH

FOR A COUNT FOR NEGLIGENCE (SURVIVAL) ALLEGE AS FOLLOWS:

11.    At all times herein mentioned, each of the named defendants was the successor,

successor in business, successor in product line or a portion thereof, assign, predecessor,

predecessor in business, predecessor in product line or a portion thereof, parent, holding

company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

or otherwise directing and/or facilitating the use of, or advertising a certain product, namely

asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively

be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the

tortious conduct of each successor, successor in business, successor in product line or a portion

thereof, assign, predecessor in product line or a portion thereof, parent, holding company,

affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned

entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

1  supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,

2  warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos,

3  and other products containing asbestos.  The following defendants, and each of them, are liable

4  for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a

5  virtual destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants,

6  and each of them, have acquired the assets, product line, or a portion thereof, of each such

7  ALTERNATE ENTITY; defendants, and each of them, caused the destruction of plaintiffs'

8  remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume

9  the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant

10  enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

11  <u>DEFENDANT</u>                                <u>ALTERNATE ENTITY</u>

12  GENERAL ELECTRIC COMPANY          MATTERN X-RAY
                                                         HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED
13                                                       TRUMBULL ELECTRIC MANUFACTURING COMPANY
                                                         G E INDUSTRIAL SYSTEMS
14

15          12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

16  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

17  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

18  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

19  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

20  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

21  or otherwise directing and/or facilitating the use of, or advertising a certain product, namely

22  asbestos and other products containing asbestos.

23          13.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

24  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

25  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

26  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

27  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

28  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

1    rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

2    and other products containing asbestos, in that said products caused personal injuries to users,

3    consumers, workers, bystanders and others, including the decedents herein, (hereinafter

4    collectively called "exposed persons"), while being used in a manner that was reasonably

5    foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by

6    "exposed persons".

7        14.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

8    exercise due care in the pursuance of the activities mentioned above and defendants, and each of

9    them, breached said duty of due care.

10        15.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

11    have known, and intended that the aforementioned asbestos and products containing asbestos

12    and related products and equipment, would be transported by truck, rail, ship, and other common

13    carriers, that in the shipping process the products would break, crumble, or be otherwise

14    damaged; and/or that such products would be used for insulation, construction, plastering,

15    fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

16    limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

17    breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

18    release of airborne asbestos fibers, and that through such foreseeable use and/or handling

19    "exposed persons", including decedents herein, would use or be in proximity to and exposed to

20    said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

21    persons working in proximity to said products, directly or through reentrainment.

22        16.    Decedents have used, handled, or been otherwise exposed to asbestos and

23    asbestos-containing products referred to herein in a manner that was reasonably foreseeable.

24    Decedents' exposure to asbestos and asbestos-containing products is on current information as

25    set forth at various locations and circumstances in **Exhibit A,** attached hereto and incorporated

26    by reference herein.

27        17.    As a direct and proximate result of the acts, omissions, and conduct of the

28    defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, decedents' exposure

1    to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

2    or harm to the decedents as set forth in **Exhibit A**, attached to plaintiffs' complaint and

3    incorporated by reference herein.

4        18.    Plaintiffs are  informed and believes, and thereon alleges, that progressive lung

5    disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos

6    fibers

7    without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

8    asbestos and asbestos-containing products over a period of time.

9        19.    Decedents suffered from a condition related to exposure to asbestos and asbestos-

10   containing products.  Decedents were not aware at the time of exposure that asbestos or asbestos-

11   containing products presented any risk of injury and/or disease.

12       20.    As a direct and proximate result of the aforesaid conduct of the defendants, their

13   "alternate entities," and each of them, decedents incurred liability for physicians, surgeons,

14   nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

15   amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this

16   complaint accordingly when the true and exact cost thereof is ascertained.

17       21.    As a direct and proximate result of the aforesaid conduct of the defendants, their

18   ALTERNATE ENTITIES, and each of them, decedents incurred liability for the reasonable

19   value of medial care provided by decedents' family members measured by, inter alia, the costs

20   associated with the hiring a registered nurse, home hospice, or other service provider, the true

21   and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to

22   amend this complaint accordingly when the true and exact costs are known or at time of trial.

23       22.    As a direct and proximate result of the aforesaid conduct of defendants, their

24   ALTERNATE ENTITIES, and each of them, decedents suffered permanent injuries to his

25   person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer

26   and related sequelae, and the mental and emotional distress attendant thereto, and ultimately

27   death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be

28   proven at trial.

23.    As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, decedents incurred loss of income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

24.    As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, decedents' exposure to asbestos and asbestos-containing products caused severe and permanent injury to decedents, and ultimately decedents died on the dates previously stated herein.

25.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

26.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

27.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in conscious or reckless disregard and indifference to the safety, health, and rights of "exposed persons", including decedents herein, giving rise to decedents' claim herein alleged for punitive damages against said defendants.

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Products Liability - Survival)

PLAINTIFF JENNIFER S. CAROLAN AS SUCCESSOR-IN-INTEREST TO THE DECEDENT MICHAEL T. CAROLAN COMPLAINS OF DEFENDANTS GENERAL

1  ELECTRIC COMPANY; THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM;

2  PLAINTIFF LORETTA PRETTYMAN AS SUCCESSOR-IN-INTEREST TO THE

3  DECEDENT LARRY PRETTYMAN COMPLAINS OF DEFENDANTS GENERAL

4  ELECTRIC COMPANY; THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; EACH

5  FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR

6  PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

7      28.    Plaintiffs incorporates herein by reference, as though fully set forth herein, each

8  paragraph of the First Cause of Action  herein.

9      29.    Defendants, their "alternate entities", and each of them, knew and intended that

10  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

11  or user without inspection for defects therein or in any of their component parts and without

12  knowledge of the hazards involved in such use.

13      30.    Said asbestos and asbestos-containing products were defective and unsafe for

14  their intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

15  and/or death.  The defect existed in the said products at the time they left the possession of

16  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

17  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

18  persons", including decedents herein, while being used in a reasonably foreseeable manner,

19  thereby rendering the same defective, unsafe, and dangerous for use.

20      31.    "Exposed persons" did not know of the substantial danger of using said products.

21  Said dangers were not readily recognizable by "exposed persons".  Said defendants, their

22  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

23  which decedents and others similarly situated were exposed.

24      32.    In researching, manufacturing, fabricating, designing, modifying, testing or

25  failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying,

26  offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying,

27  facilitating, promoting, representing, endorsing servicing, installing, contracting for installation,

28  repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

1    advertising asbestos and asbestos-containing products, defendants, their ALTERNATE

2    ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed

3    persons" who came in contact with said asbestos and asbestos-containing products, in that said

4    defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there

5    was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-

6    containing products, including, but not limited to, asbestosis, other lung damages, and cancer.

7    Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or

8    with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and

9    which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of

10    them on or before 1930, and thereafter.

11        33.    On or before 1930, and thereafter, said defendants, their ALTERNATE

12    ENTITIES and each of them, were aware that members of the general public and other "exposed

13    persons", who would come in contact with their asbestos and asbestos-containing products, had

14    no knowledge or information indicating that asbestos or asbestos-containing products could

15    cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

16    members of the general public and other "exposed persons", who came in contact with asbestos

17    and asbestos-containing products, would assume, and in fact did assume, that exposure to

18    asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

19    hazardous to health and human life.

20        34.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

21    of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

22    lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

23    market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

24    asbestos-containing products without attempting to protect "exposed persons" from, or warn

25    "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

26    asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or

27    warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos

28    and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

1  intentionally failed to reveal their knowledge of said risk, and consciously and actively

2  concealed and suppressed said knowledge from "exposed persons" and members of the general

3  public, thus impliedly representing to "exposed persons" and members of the general public that

4  asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.

5  Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and

6  made these implied representations with the knowledge of the falsity of said implied

7  representations.

8      35.    The above-referenced conduct of said defendants, their ALTERNATE

9  ENTITIES, and each of them, was motivated by the financial interest of said defendants, their

10  ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design,

11  modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for

12  sale, supply, sale, inspection, installation, contracting for installation, repair, marketing,

13  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

14  or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-

15  containing products.  In pursuance of said financial motivation, said defendants, their

16  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

17  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

18  containing products to cause injury to "exposed persons" and induced persons to work with and

19  be exposed thereto, including decedents.

20      36.    Plaintiffs alleges that the aforementioned defendants, their ALTERNATE

21  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

22  products, to be safe for their intended use, but that their asbestos and asbestos-containing

23  products, created an unreasonable risk of bodily harm to exposed persons.

24      37.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

25  their representations, lack of warnings, and implied warranties of fitness of asbestos and their

26  asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, decedents

27  suffered permanent injury and death as alleged herein.

28      38.    As a direct and proximate result of the actions and conduct outlined herein,

1  decedents have suffered the injuries and damages herein alleged.

2       WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and

3  each of them, as hereinafter set forth.

4

5  THIRD CAUSE OF ACTION<br>(Negligence - Wrongful Death)

6

7  PLAINTIFF JENNIFER S. CAROLAN, INDIVIDUALLY, AS WRONGFUL DEATH HEIR,

8  AND AS SUCCESSOR-IN-INTEREST TO MICHAEL T.  CAROLAN DECEASED AND

9  PLAINTIFF GILLIAN CAROLAN AS LEGAL HEIR OF MICHAEL T.  CAROLAN

10  DECEASED COMPLAIN OF GENERAL ELECTRIC COMPANY;, THEIR "ALTERNATE

11  ENTITIES," AND EACH OF THEM;   PLAINTIFF LORETTA PRETTYMAN,

12  INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST

13  TO MICHAEL T.  CAROLAN DECEASED AND PLAINTIFFS CATHERINE PRETTYMAN,

14  DUSTIN PRETTYMAN, CHARLIENA PRETTYMAN, and D.S., a Minor, J.S., a Minor, P.S., a

15  minor by and through their Guardian ad Litem CATHERINE PRETTYMAN, AS LEGAL

16  HEIRS OF LARRY PRETTYMAN DECEASED COMPLAIN OF GENERAL ELECTRIC

17  COMPANY; THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;  EACH FOR A

18  THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE

19  (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

20      39.    Plaintiffs  incorporates by reference each paragraph contained within the First

21  Cause of Action as though fully set forth herein.

22      40.    The heirs at law of the decedents and their relationship to the decedents are set

23  forth above.

24      41.    The individuals set forth as heirs constitute all of the surviving heirs of the

25  respective decedents.

26      42.    As a direct and proximate result of the conduct of the defendants, their

27  ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

28  containing products caused decedents to develop diseases from which condition decedents died.

1    Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

2    filing the complaint.

3        43.    At all times prior to his death, decedents were a faithful and dutiful spouse to their

4    surviving spouse.

5        44.    As a direct and proximate result of the conduct of defendants, and each of them,

6    and the death of decedents, decedents' heirs have sustained pecuniary loss resulting from the loss

7    of care, society, comfort, attention, services, and support of decedents all to the damage of

8    decedents' heirs.

9        45.    As a further direct and proximate result of the conduct of defendants, and each of

10   them, and the death of decedents, decedents' heirs have incurred funeral expenses in an amount

11   currently not ascertained.

12       WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as

13   hereinafter set forth.

14                          FOURTH  CAUSE OF ACTION
                          (Products Liability - Wrongful Death)

15   PLAINTIFF JENNIFER S. CAROLAN, INDIVIDUALLY, AS WRONGFUL DEATH HEIR,

16   AND AS SUCCESSOR-IN-INTEREST TO MICHAEL T.  CAROLAN DECEASED AND

17   PLAINTIFF GILLIAN CAROLAN AS LEGAL HEIR OF MICHAEL T.  CAROLAN

18   DECEASED COMPLAIN OF GENERAL ELECTRIC COMPANY;  THEIR "ALTERNATE

19   ENTITIES," AND EACH OF THEM;   PLAINTIFF LORETTA PRETTYMAN,

20   INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST

21   TO MICHAEL T.  CAROLAN DECEASED AND PLAINTIFFS CATHERINE PRETTYMAN,

22   DUSTIN PRETTYMAN, CHARLIENA PRETTYMAN, and D.S., a Minor, J.S., a Minor, P.S., a

23   minor by and through their Guardian ad Litem CATHERINE PRETTYMAN, AS LEGAL

24   HEIRS OF LARRY PRETTYMAN, DECEASED COMPLAIN OF GENERAL ELECTRIC

25   COMPANY; THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;   EACH FOR A

26   FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS

27   LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

28       46.    Plaintiffs incorporates herein by reference, as though fully set forth herein, each

1    paragraph of the First, Second and Third Causes of Action herein.

2         47.    As a direct and proximate result of the conduct of defendants, and each of them,

3    decedents' heirs have sustained the injuries and damages previously alleged.

4         WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",

5    and each of them, as hereinafter set forth.

6                      **IV.**

7                **DAMAGES AND PRAYER**

8         WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",

9    and each of them in an amount to be proved at trial in each individual case, as follows:

10       (a)      For plaintiffs' general damages according to proof;

11       (b)      For plaintiffs' loss of income, wages and earning potential according to proof;

12       (c)      For plaintiffs' medical and related expenses according to proof;

13       (d)      For plaintiffs' cost of suit herein;

14       (e)      For exemplary or punitive damages according to proof;

15       (f)      For damages for fraud according to proof; and

16       (g)      For such other and further relief as the Court may deem just and proper, including

17    costs and prejudgment interest.

18    Dated: August 21, 2007                BRAYTON❖PURCELL LLP

19                            /s/ David R. Donadio

20                By:    _____

21                        David R. Donadio
                           Attorneys for Plaintiffs

22                        **<u>JURY DEMAND</u>**

23         Plaintiffs hereby demand trial by jury of all issues of this cause.

24

25    Dated: August 21, 2007                BRAYTON❖PURCELL LLP

26                            /s/ David R. Donadio

27                By:    _____

28                        David R. Donadio
                           Attorneys for Plaintiffs