SEDGWICK, DETERT, MORAN & ARNOLD LLP
CHARLES SHELDON  Bar No. 155598
DEREK S. JOHNSON  Bar No. 220988
MEGAN E. GRUBER  Bar No. 246122
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
GENERAL ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER S. CAROLAN and LORETTA PRETTYMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>        Defendants. | CASE NO. C 07-4352 EMC<br><br>**GENERAL ELECTRIC COMPANY'S ANSWER TO COMPLAINT FOR SURVIVAL, WRONGFUL DEATH -- ASBESTOS;**<br><br>**DEMAND FOR JURY TRIAL;**<br><br>**CERTIFICATION OF INTERESTED ENTITIES** |

Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers the Complaint For Survival, Loss Of Consortium, Wrongful Death (Asbestos), filed by plaintiffs ("Plaintiffs") on August 23, 2007, as follows:

1.      To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.  To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.

2.      To the extent that paragraph 2 of the complaint consists of allegations of fact as to

-1-
General Electric Co.'s Answer to Complaint for Wrongful Death

1  Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

2  truth of the allegations of paragraph 2, and on such basis the allegations are denied.

3       3.     To the extent that paragraph 3 of the complaint consists of allegations of fact as to

4  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

5  allegations of paragraph 3, and on such basis the allegations are denied.

6       4.     To the extent that paragraph 4 of the complaint consists of allegations of fact as to

7  Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

8  truth of the allegations of paragraph 4, and on such basis the allegations are denied.  To the

9  extent that paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE

10  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

11  paragraph 4, and on such basis the allegations are denied.  To the extent that paragraph 4 of the

12  complaint consists of allegations of fact as to GE, GE denies such allegations.

13       5.     To the extent that paragraph 5 of the complaint consists of allegations of fact as to

14  Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

15  truth of the allegations of paragraph 5, and on such basis the allegations are denied.  To the

16  extent that paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE

17  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

18  paragraph 5, and on such basis the allegations are denied.  To the extent that paragraph 5 of the

19  complaint consists of allegations of fact as to GE, GE denies such allegations.

20       6.     To the extent that paragraph 6 of the complaint consists of allegations of fact as to

21  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

22  allegations of paragraph 6, and on such basis the allegations are denied.  To the extent that

23  paragraph 6 of the complaint consists of allegations of fact as to other defendants, GE  lacks

24  sufficient knowledge or information to form a belief as to the truth of the allegations of

25  paragraph 6, and on such basis the allegations are denied.  GE denies the allegation that each

26  plaintiff claims damages for an asbestos-related disease arising from an identical series of

27  occurrences.  GE denies the allegation that each and every allegation of each plaintiff regarding

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
28  ////

the nature of their decedents' asbestos-related diseases, the nature of asbestos, the propensity of asbestos to cause disease, and the criteria for diagnosis of disease are all identical.

7.    To the extent that paragraph 7 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 7 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are denied.

8.    To the extent that paragraph 8 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied.

9.    To the extent that paragraph 9 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied. To the extent that paragraph 9 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied. GE denies that it is a corporation incorporated under the laws of Connecticut. GE admits that its principal place of business is in Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the allegation is denied.

10.    To the extent that paragraph 10 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 10 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied. To the extent that paragraph 10 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

General Electric Co.'s Answer to Complaint for Wrongful Death

SEDGWICK
DETERT, MORAN & ARNOLD LLP

allegations of paragraph 10, and on such basis the allegations are denied. GE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the Northern District of California is the proper venue for this case, and on such basis the allegation is denied.

11.     To the extent that paragraph 11 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 11 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to GE, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are denied.

12.     To the extent that paragraph 12 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are denied. GE admits that, in the past, it manufactured, distributed, supplied and sold certain products which contained some quantity of asbestos and/or had component parts which may have contained some quantity of asbestos, during a time period which may or may not be relevant to this case. Except to the extent admitted, GE denies all other allegations of fact as to GE in paragraph 12 of the complaint.

13.     To the extent that paragraph 13 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 13 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are denied. To the extent that paragraph 13 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

allegations of paragraph 13, and on such basis the allegations are denied.  To the extent that paragraph 13 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

14.     To the extent that paragraph 14 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 14 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are denied.  To the extent that paragraph 14 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

15.     To the extent that paragraph 15 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are denied.  To the extent that paragraph 15 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are denied.  To the extent that paragraph 15 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

16.     To the extent that paragraph 16 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 16 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16, and on such basis the allegations are denied.  To the extent that paragraph 16 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16, and on such basis the allegations are denied.  To the extent that paragraph 16 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

17.     To the extent that paragraph 17 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17, and on such basis the allegations are denied.  To the extent

SEDGWICK
DETERT, MORAN & ARNOLD LLP

that paragraph 17 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17, and on such basis the allegations are denied. To the extent that paragraph 17 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

18.    GE admits that, over time, inhalation or ingestion of asbestos fibers can cause lung disease and cancer. Except to the extent admitted, GE denies all allegations of paragraph 18.

19.    To the extent that paragraph 19 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are denied.

20.    To the extent that paragraph 20 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

21.    To the extent that paragraph 21 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

22.    To the extent that paragraph 22 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 22 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied.  To the extent that paragraph 22 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied.  To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

23.    To the extent that paragraph 23 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 23 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are denied.  To the extent that paragraph 23 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are denied.  To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

24.    To the extent that paragraph 24 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are denied.  To the extent that paragraph 24 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are denied.  To the extent that paragraph 24 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

25.    To the extent that paragraph 25 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 25 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1    belief as to the truth of the allegations of paragraph 25, and on such basis the allegations are

2    denied. To the extent that paragraph 25 of the complaint consists of allegations of fact as to GE,

3    GE denies such allegations.

4        26.    To the extent that paragraph 26 of the complaint consists of conclusions of law,

5    GE is not required to respond to it. To the extent that paragraph 26 of the complaint consists of

6    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

7    belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are

8    denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to GE,

9    GE denies such allegations.

10        27.    To the extent that paragraph 27 of the complaint consists of conclusions of law,

11    GE is not required to respond to it. To the extent that paragraph 27 of the complaint consists of

12    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

13    belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are

14    denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to GE,

15    GE denies such allegations.

16        28.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

17    27 of this Answer.

18        29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

19    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

20    of the allegations of paragraph 29, and on such basis the allegations are denied. To the extent

21    that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such

22    allegations.

23        30.    To the extent that paragraph 30 of the complaint consists of conclusions of law,

24    GE is not required to respond to it. To the extent that paragraph 30 of the complaint consists of

25    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

26    belief as to the truth of the allegations of paragraph 30, and on such basis the allegations are

27    denied. To the extent that paragraph 30 of the complaint consists of allegations of fact as to

**SEDGWICK** 28    Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

DETERT, MORAN & ARNOLD LLP

truth of the allegations of paragraph 30, and on such basis the allegations are denied. To the extent that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

31.     To the extent that paragraph 31 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31, and on such basis the allegations are denied. To the extent that paragraph 30 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31, and on such basis the allegations are denied. To the extent that paragraph 31 of the complaint consists of allegations of fact as to GE, GE denies such allegations. GE lacks sufficient knowledge or information to respond to the allegation that exposed persons did not know of the substantial danger of using said products and, on that basis, denies it.

32.     To the extent that paragraph 32 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32, and on such basis the allegations are denied. To the extent that paragraph 32 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

33.     To the extent that paragraph 33 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33, and on such basis the allegations are denied. To the extent that paragraph 33 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

34.     To the extent that paragraph 34 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34, and on such basis the allegations are denied. To the extent that paragraph 34 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

35.     To the extent that paragraph 35 of the complaint consists of allegations of fact as

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

36.    To the extent that paragraph 36 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 36 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36, and on such basis the allegations are denied. To the extent that paragraph 36 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

37.    To the extent that paragraph 37 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37, and on such basis the allegations are denied. To the extent that paragraph 37 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37, and on such basis the allegations are denied. To the extent that paragraph 37 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

38.    To the extent that paragraph 38 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38, and on such basis the allegations are denied. To the extent that paragraph 38 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38, and on such basis the allegations are denied. To the extent that paragraph 38 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    39.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

2    38 of this Answer.

3    40.    To the extent that paragraph 40 of the complaint consists of conclusions of law,

4    GE is not required to respond to it.  To the extent that paragraph 40 of the complaint consists of

5    allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or

6    information to form a belief as to the truth of the allegations of paragraph 40, and on such basis

7    the allegations are denied.

8    41.    To the extent that paragraph 41 of the complaint consists of conclusions of law,

9    GE is not required to respond to it.  To the extent that paragraph 41 of the complaint consists of

10    allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or

11    information to form a belief as to the truth of the allegations of paragraph 41, and on such basis

12    the allegations are denied.

13    42.    To the extent that paragraph 42 of the complaint consists of allegations of fact as

14    to other defendants, GE  lacks sufficient knowledge or information to form a belief as to the truth

15    of the allegations of paragraph 42, and on such basis the allegations are denied.  To the extent

16    that paragraph 42 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

17    decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

18    allegations of paragraph 42, and on such basis the allegations are denied.  To the extent that

19    paragraph 42 of the complaint consists of allegations of fact as to GE, GE denies such

20    allegations.

21    43.    To the extent that paragraph 43 of the complaint consists of allegations of fact as

22    to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a

23    belief as to the truth of the allegations of paragraph 43, and on such basis the allegations are

24    denied.

25    44.    To the extent that paragraph 44 of the complaint consists of allegations of fact as

26    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

27    of the allegations of paragraph 44, and on such basis the allegations are denied.  To the extent

**SEDGWICK** 28    that paragraph 44 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'
DETERT, MORAN & ARNOLD LLP

decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44, and on such basis the allegations are denied. To the extent that paragraph 44 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

45. To the extent that paragraph 45 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45, and on such basis the allegations are denied. To the extent that paragraph 45 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45, and on such basis the allegations are denied. To the extent that paragraph 45 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

46. GE incorporates by reference as though fully set forth herein paragraphs 1 through 45 of this Answer.

47. To the extent that paragraph 47 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47, and on such basis the allegations are denied. To the extent that paragraph 47 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47, and on such basis the allegations are denied. To the extent that paragraph 47 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

## RESPONSE TO PLAINTIFFS' PRAYER

GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent Plaintiffs seek any relief from GE. Further answering, GE lacks information or knowledge sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that basis, denies them.

General Electric Co.'s Answer to Complaint for Wrongful Death

1

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

2    48.    By alleging the Separate and Additional Affirmative Defenses set forth below, GE

3   is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on

4   any of these issues.

5

## FIRST AFFIRMATIVE DEFENSE

6    49.    GE alleges that said complaint and each cause of action therein fails to state facts

7   sufficient to constitute a cause of action against GE.

8

## SECOND AFFIRMATIVE DEFENSE

9    50.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

10   said complaint are barred by the applicable statutes of limitations, including, but not limited to,

11   the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2. and 340(3).

12

## THIRD AFFIRMATIVE DEFENSE

13    51.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

14   said complaint are barred in whole or in part by the equitable doctrines of waiver, estoppel, and

15   laches.

16

## FOURTH AFFIRMATIVE DEFENSE

17    52.    GE alleges that Plaintiffs' decedents, MICHAEL T. CAROLAN and LARRY

18   PRETTYMAN ("Decedents") and others were negligent or otherwise at fault in and about the

19   matters referred to in said complaint, and that such negligence and/or other fault bars or

20   diminishes Plaintiffs' recovery against GE.

21

## FIFTH AFFIRMATIVE DEFENSE

22    53.    GE alleges that Decedents were solely negligent in and about the matters alleged

23   in said complaint and that such negligence on the part of Decedents was the sole proximate cause

24   of the injuries and damages complained of by Plaintiffs, if any there were.

25

## SIXTH AFFIRMATIVE DEFENSE

26    54.    GE alleges that Decedents assumed the risk of the matters referred to in said

27   complaint, that Decedents knew and appreciated the nature of the risk, and that Decedents

28   voluntarily accepted the risk.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

## SEVENTH AFFIRMATIVE DEFENSE

55.    GE is informed and believes and thereon alleges that Decedents misused and abused the products referred to in said complaint, and failed to follow instructions, and that such misuse, abuse and failure to follow instructions on the part of Decedents proximately caused and contributed to the injuries and damages complained of in said complaint, if any there were.

## EIGHTH AFFIRMATIVE DEFENSE

56.    GE alleges that if Decedents sustained injuries attributable to the use of any product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the product.

## NINTH AFFIRMATIVE DEFENSE

57.    GE alleges that if there was any negligence proximately causing the injuries or damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of the defendants, persons, firms, or entities other than GE.

## TENTH AFFIRMATIVE DEFENSE

58.    GE alleges that there is no privity between Plaintiffs or Decedents and GE.

## ELEVENTH AFFIRMATIVE DEFENSE

59.    GE alleges that it gave no warranties, either express or implied, to Decedents and that neither Decedents nor others ever notified GE of any claims of breach of warranty, if any there were.

## TWELFTH AFFIRMATIVE DEFENSE

60.    GE alleges that said complaint and each cause of action therein is barred with respect to this answering defendant by the provisions of the Workers' Compensation Act, including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

61.    GE alleges that if there was any negligence proximately causing the injuries or damages, if any, sustained by Decedents, such negligence, if any, is collateral negligence, as that

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-14-

General Electric Co.'s Answer to Complaint for Wrongful Death

1 | term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

2 | **FOURTEENTH AFFIRMATIVE DEFENSE**

3 | 62.    GE alleges that at the time of the matters referred to in the complaint, Decedents
4 | were employed by employers other than GE and were entitled to and received workers'
5 | compensation benefits from their employers; and that if there was any negligence proximately
6 | causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that
7 | of Decedents' employers.

8 | **FIFTEENTH AFFIRMATIVE DEFENSE**

9 | 63.    GE alleges that Plaintiffs' claims, and each of them, and this action, are
10 | preempted by federal statutes and regulations governing work place exposure to asbestos.

11 | **SIXTEENTH AFFIRMATIVE DEFENSE**

12 | 64.    GE alleges that the products referred to in said complaint, if manufactured by GE
13 | at all, were manufactured in strict compliance with United States government specifications, and
14 | that the hazards associated with use of the products, if any, were known equally to the
15 | government and GE.  Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

16 | **SEVENTEENTH AFFIRMATIVE DEFENSE**

17 | 65.    GE alleges that to the extent said complaint purports to state a cause of action or
18 | basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal. 3d 588, it is barred by
19 | Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos
20 | products market, to which asbestos products Decedents were allegedly exposed, thereby causing
21 | the damages alleged; and, should it prove impossible to identify the manufacturer of the product
22 | that allegedly injured Decedents, said purported claim or cause of action is barred by the fault of
23 | Plaintiffs and their agents in making identification of the manufacturer impossible.

24 | **EIGHTEENTH AFFIRMATIVE DEFENSE**

25 | 66.    GE alleges that, to the extent said complaint purports to state a cause of action or
26 | basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing
27 | product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have
28 | asserted claims for relief which, if allowed, would contravene GE's constitutional rights to

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of

2  the United States and by Article I, Section 7 of the Constitution of the State of California.

3  ### NINETEENTH AFFIRMATIVE DEFENSE

4       67.     GE alleges that said complaint, to the extent that it seeks exemplary or punitive

5  damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

6  process under the Fourteenth Amendment of the United States Constitution, and Article I,

7  Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

8  action upon which either punitive or exemplary damages can be awarded.

9  ### TWENTIETH AFFIRMATIVE DEFENSE

10       68.     GE alleges that said complaint, to the extent that is seeks punitive or exemplary

11  damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

12  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

13  Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

14  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

15  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

16  action supporting the punitive or exemplary damages claimed.

17  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

18       69.     GE alleges that said complaint, and each cause of action therein, fails to state facts

19  sufficient to warrant an award of punitive or exemplary damages against GE.

20  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

21       70.     GE alleges that at all relevant times Decedents' employers were sophisticated

22  users of asbestos-containing products, and that said employers were aware of the dangers, if any,

23  of asbestos-containing products, and that said employers' negligence in providing the products to

24  their employees in a negligent, careless and reckless manner was a superseding intervening cause

25  of Decedents' injuries, if any.

26  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

27       71.     GE alleges that at all relevant times Decedents were sophisticated users of

28  asbestos-containing products, that Decedents were aware, or should have been aware, of the

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

2  complete bar to Plaintiffs' claims against GE as a matter of law.  Johnson v. American Standard,

3  Inc., et al. (2005) 34 Cal.Rptr.3d 863.

4  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

5  72.    GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

6  action attempted to be stated and set forth against this defendant, because the injuries and

7  damages complained of in the complaint, if any there were, arose in the course and scope of

8  Decedents' employment by an independent contractor.

9  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

10  73.    GE alleges that Plaintiffs are barred from recovery in that all products produced

11  by GE were in conformity with the existing state-of-the-art, and as a result, these products were

12  not defective in any manner.

13  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

14  74.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

15  said complaint for negligence per se are barred by California Labor Code Section 6304.5, and

16  derivative authority.

17  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18  75.    GE alleges that Plaintiffs and/or Decedents failed to exercise due diligence to

19  mitigate their losses, injuries or damages, if any, and, accordingly, the amount of damages to

20  which Plaintiffs are entitled, if any, should be reduced by the amount of damages which

21  otherwise would have been mitigated.

22  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23  76.    GE alleges that it had no knowledge, either actual or constructive, and by the

24  application of reasonable, developed human skills and foresight had no reason to know of the

25  propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

26  to cause or contribute to the creation of medical conditions or circumstances involving alleged

27  injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

**SEDGWICK** 28  any other illness or any type whatsoever.
DETERT, MORAN & ARNOLD LLP

General Electric Co.'s Answer to Complaint for Wrongful Death

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

77.     GE alleges that the provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

**THIRTIETH AFFIRMATIVE DEFENSE**

78.     GE alleges that unforeseen and unforeseeable acts and omissions by others constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

79.     GE alleges that each of Plaintiff's claims, and this entire action, are preempted by all applicable federal law relating to railroads, their equipment, and/or alleged injuries and damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49 U.S.C. sections 20701 et seq.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

80.     The matters alleged in said complaint are encompassed within and barred by a settlement and release agreement reached by the parties, which operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

81.     To the extent that Plaintiffs and/or Decedents have reached an accord with GE regarding this litigation and this accord was then properly satisfied, the claims, causes of action, and theories of liability asserted in said complaint are barred by the doctrine of accord and satisfaction.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

82.     To the extent that Plaintiffs and/or Decedents released, settled, entered into an accord and satisfaction, or otherwise compromised the claims herein, said claims are barred.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

83.     The claims asserted in said complaint have been settled, compromised or otherwise discharged and GE is due a set off.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

84.    To the extent that Plaintiffs and/or Decedents previously filed a dismissal in court dismissing with prejudice all of the asserted claims, causes of action , and other theories of liability against GE, the matters alleged in said complaint are barred by retraxit.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

85.    Plaintiff's claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the plaintiff was previously compensated by alleged joint tortfeasors.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

86.    GE alleges that Plaintiffs do not assert any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and that no question of law or fact common to all the Plaintiffs will arise in this action, and that therefore Plaintiffs have been improperly joined in one action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

87.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by laches.

## **PRAYER**

WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and further relief as this Court may deem just and proper.

////
////
////
////
////
////
////

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1

## **PRAYER**

2      WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to

3  GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and

4  further relief as this Court may deem just and proper.

5

6  DATED: September 24, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

7

8                                  By:_____/S/____Megan E. Gruber_____
                                       Megan E. Gruber
9                                      Attorneys for Defendant
                                       GENERAL ELECTRIC COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP  28

General Electric Co.'s Answer to Complaint for Wrongful Death

## JURY DEMAND

GE hereby demands a trial by jury of the captioned matter.


DATED September 24, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP



By:_____ /S/ Megan E. Gruber_____
         Megan E. Gruber
         Attorneys for Defendant
         GENERAL ELECTRIC COMPANY


## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


DATED: September 24, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP



By:_____ /S/ Megan E. Gruber_____
         Megan E. Gruber
         Attorneys for Defendant
         GENERAL ELECTRIC COMPANY

General Electric Co.'s Answer to Complaint for Wrongful Death